UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00427-FDW-DCK

| | |
|---|---|
| MB REALTY GROUP, INC., and MATT BECKHAM, <br><br> Plaintiffs, <br><br> vs. <br><br> THE GASTON COUNTY BOARD OF EDUCATION, GASTON COUNTY, W. JEFFREY BOOKER, in his capacity as Superintendent of the Gaston County Board of Education and individually, CARSTAPHEN FAMILY FOUNDATION, THE STOWE FOUNDATION, INC., CATHERINE ROBERTS, and TRACY PHILBECK, <br><br> Defendants. | ORDER |

THIS MATTER is before the Court on several Motions to Dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6), and for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Docs. Nos. 39, 45, 48, 51, 57, & 61). Upon review by the Court, for the reasons below, the Motions to Dismiss the Complaint (Docs. Nos. 21, 23, 26, & 30) are DENIED AS MOOT, and the Motions to Dismiss the Amended Complaint (Docs. Nos. 39, 45, 48, 51, 57, & 61) are GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

According to the Amended Complaint,[1] Plaintiffs and Defendants are all residents of North

---

[1] The Court reads the allegations and assertions of the pleadings and supporting affidavits in the light most favorable to Plaintiff. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

1

Carolina and, in the case of parties that are corporate or government entities, have their principal places of business in North Carolina. (Doc. No. 32, pp. 2–3). Defendants Gaston County, Gaston County Board of Education ("GCBOE"), and Booker are collectively referred to as "Purchasing Defendants." Defendants Carstarphen Family Foundation and Stowe Foundation, Inc., are collectively referred to as "Selling Defendants." Defendants Roberts and Philbeck are collectively referred to as "Publishing Defendants." (Doc. No. 32, pp. 2–3).

Plaintiffs allege they entered into a series of contracts and agreements with Selling Defendants and Purchasing Defendants concerning a parcel of land in Gaston County, North Carolina. (Doc. No. 32). Plaintiffs further allege that Selling Defendants and Purchasing Defendants conspired to dishonor Plaintiffs' contracts with Defendants, causing damage to Plaintiffs' business. (Doc. No. 32, pp. 4–8). Plaintiffs also allege Publishing Defendants publicized or circulated emails containing false or defamatory statements about Plaintiffs. (Doc. No. 32, pp. 5–6).

The Amended Complaint asserts ten separate Counts: (1) fraud against Purchasing Defendants; (2) breach of implied covenant of good faith and fair dealing against Selling Defendants; (3) violation of the Sherman Antitrust Act (15 U.S.C. § 1) against Purchasing and Selling Defendants; (4) unjust enrichment against Selling Defendants; (5) relief in quantum meruit against Selling Defendants; (6) libel against Publishing Defendants; (7) punitive damages for willful and wanton conduct against all Defendants; (8) violations of North Carolina's unfair and deceptive trade practices statutes (N.C. Gen. Stat. § 75-1 et seq.) against all Defendants; (9) tortious interference with contract right against Defendant Gaston County; and (10) tortious

interference with prospective economic advantage against Defendants Gaston County and GCBOE. (Doc. No. 32, pp. 8–16).

Defendants moved to dismiss Plaintiffs' original Complaint. (Docs. Nos. 21, 23, 26, & 30). Plaintiff filed an Amended Complaint superseding the original Complaint, thereby rendering the above-referenced Motions to Dismiss moot. Defendants again filed Motions to Dismiss for lack of subject matter jurisdiction and failure to state a claim entitled to relief pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(c). (Docs. Nos. 39, 45, 48, 51, 57, & 61).

## APPLICABLE LEGAL STANDARD

When a court considers a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion shall be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). If the plaintiff merely fails to properly plead the elements of a federal claim, it is not a truly threshold jurisdictional question, and it is analyzed as a Rule 12(b)(6) question. Arbaugh v. Y & H Corp., 546 U.S. 500, 514–15 (2006) (explaining that "jurisdictional" elements of federal claims must be explicitly identified as such by statute). In this event, the district court retains the discretion to extend supplemental jurisdiction over pendent state-law claims. See id.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6)

motion to dismiss will survive if it "contains 'enough facts to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted).

A motion for judgment on the pleadings applies much the same standard as a motion to dismiss under Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The district court considers both the complaint and the answer and accepts all allegations as true for the purpose of the motion. Id. at 244. The Court will not grant the motion if the complaint and the answer dispute an issue of material fact.

Upon the filing of an amended complaint, the original complaint is superseded, and motions to dismiss the original complaint are rendered moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

## ANALYSIS

### A. The Antitrust Claim

Purchasing and Selling Defendants argue for dismissal of the antitrust claim in Count 3 because Plaintiffs fail to allege facts in their Amended Complaint implicating interstate commerce or the restraint thereof. Plaintiffs contend an agreement amongst Defendants caused economic harm to *them*. The Court notes, however, Count 3 (the antitrust claim) contains no allegation of intention of harm to competition *generally*. (Doc. No. 32, p. 10).

Local governments are statutorily immune from antitrust claims seeking money damages brought under Section 4 of the Clayton Act (15 U.S.C. § 15)[2] when acting within the authority granted by the state. 15 U.S.C. §§ 34–36. According to Plaintiffs' allegations, Gaston County and GCBOE ("Municipal Defendants") attempted to purchase land to build a new middle school. (Doc. No. 32). North Carolina law authorizes local boards of education and county governments to purchase and develop land for use as public schools. N.C. Gen. Stat. § 115C-426. Assuming the facts in the Amended Complaint are true, Municipal Defendants acted within their statutory authority, rendering their acts immune to a federal antitrust suit.

While local governments enjoy immunity from claims for money damages, this immunity does not extend to petitions for injunctive relief as authorized by 15 U.S.C. § 26. See R. Ernest Cohn, D.C., D.A.B.C.O. v. Bond, 953 F.2d 154, 158 (4th Cir. 1991). The Amended Complaint pleas for a preliminary injunction, (Doc. No. 32, p. 10), and that portion of their antitrust claim survives a claim of immunity under 15 U.S.C. §§ 35–36.

---

[2] While Plaintiffs' claim must meet the elements of a restraint on trade under 15 U.S.C. § 1 as described above, their cause of action as a private party is derived from 15 U.S.C. § 15.

As to Purchasing and Selling Defendants more broadly (inclusive of Municipal Defendants), the antitrust claim as a whole is facially insufficient even assuming all facts in the Amended Complaint are true. The elements of a Section 1 claim under the Sherman Antitrust Act are "(1) an agreement, conspiracy, or combination among the defendants in restraint of trade; (2) injury to the plaintiff's business and property as a direct result; (3) damages that are capable of reasonable ascertainment and are not speculative or conjectural." Wilder Enters., Inc. v. Allied Artists Pictures Corp., 632 F.2d 1135, 1139 n.1 (4th Cir. 1980) (citing Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 883-84 (8th Cir. 1978)). While the plaintiff must be directly injured to have a cause of action, see 15 U.S.C. § 16, it is not the injury to the plaintiff that satisfies the requirement that there be a "restraint on trade." "The antitrust laws . . . were enacted for the protection of competition *not competitors*." Brunswick Corp. v. Pueblo Bowl-o-Mat, Inc., 429 U.S. 477, 488 (1977) (internal quotations omitted) (emphasis added).

In assessing the defendant's effect on competition, courts apply a "rule of reason" analysis to most cases, unless the restraint is "so plainly anticompetitive" as to be unreasonable per se. Texaco, Inc. v. Dahger, 547 U.S. 1, 5 (2006) (quoting Nat'l Soc'y of Prof'l Eng'rs v. United States, 435 U.S. 679, 692 (1978)). The classic example of an unreasonable per se restraint is "horizontal price-fixing" (an agreement to fix prices between two competitors in the same market). See id. When using the "rule of reason," it is not a matter of the reasonableness of the business practice or agreement, but rather a question of whether it is reasonable to identify the practice as "anticompetitive." See Nat'l Soc'y of Prof'l Eng'rs, 435 U.S. at 688–89.

Other district courts have made clear that government actions or agreements that merely cause lost profits or advantage for one business are not antitrust violations. See Wellwoods Dev.

6

Co. v. City of Aurora, 631 F. Supp. 221 (N.D. Ill. 1986). In Wellwoods, the city government refused to issue development permits to a real estate developer who owned land next to a municipal airport. Id. at 222–23. While this action created business advantages for other parties that owned already developed land, the district court held that this was not sufficiently anticompetitive to stand as an antitrust injury. Id. at 229. The decision was analogous to any other competitive business decision in which the only injury is "injury to [the plaintiff's] bottom line in the form of lost potential gains." Id.

The requirement that there be an anticompetitive effect to have an antitrust injury even extends to cases in which the plaintiff plausibly alleged a conspiracy to drive the plaintiff out of business. See TheMLSonline.com, Inc. v. Reg'l Multiple Listing Serv. of Minn., Inc., 840 F. Supp. 2d 1174, 1182 (D. Minn. 2012). In that case, there was no government action, but there was an alleged agreement amongst members of a realtors' association to destroy the plaintiff's business by filing coordinated ethics complaints with the plaintiff's professional association. Id. at 1177–78. Even assuming that a conspiracy existed that intended to harm the plaintiff's business, the district court dismissed the antitrust claim because if failed to allege anticompetitive activity that affected prices or general market access. See id. at 1182; see also Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp, 509 U.S. 209, 225 (1993) ("Even an act of pure malice by one business competitor against another does not, without more, state a claim under the federal antitrust laws . . . .").

In this case, Plaintiffs have offered no allegations to support a plausible claim of anticompetitive behavior on the part of Defendants. There is a conclusory allegation of an "unreasonable restraint on trade," (Doc. No. 32, pp. 7 & 10), but this is insufficient. The facts as

7

alleged by the Amended Complaint show an agreement amongst Defendants that caused economic harm to Plaintiffs by dishonoring prior agreements to buy and sell land. (Doc. No. 32, pp. 4–8). Specifically, Plaintiffs allege Defendants formed a civil conspiracy (Doc. No. 32, p. 7) with the aim of removing Plaintiffs from a multi-party transaction and harming Plaintiffs' business reputation in the community. (Doc. No. 32, p. 6). Plaintiffs' claim for relief makes no mention of any harm or intent to harm competition. (Doc. No. 32, p. 10). Even presuming, without deciding, this alleged conspiracy constituted fraud, deception, breach of contract, or tortious interference, the allegations as a whole do not plausibly lead to a claim of an anticompetitive intent or effect on the relevant market. The allegations merely assert a harm to a *competitor*, not to *competition*. See Brunswick, 429 U.S. at 488. Even if Defendants did not enjoy immunity, Plaintiffs' have failed to sufficiently plead the elements of a federal antitrust violation under Section 1 of the Sherman Act. Thus, Plaintiffs' antitrust claim fails on its face. Count 3 of the Amended Complaint is dismissed without prejudice.

Notably, the Amended Complaint contains no other claim sufficient to allege a federal question. The Court, however, retains the discretion to extend supplemental jurisdiction to pendent state law claims under 28 U.S.C. § 1367 when the plaintiff's federal question claim fails on non-jurisdictional elements. Arbaugh v. Y & H Corp., 546 U.S. 500, 514–15 (2006). The Court, in its discretion, will exercise supplemental jurisdiction over the remaining state law claims in this case and resolve the pending motions to dismiss as to those claims.

**B. Immunity Defenses**

    **1. Plaintiffs' Claims against Defendant Booker**

The Amended Complaint names Defendant Booker in both his individual and official capacities in Counts 1 (fraud), 7 (punitive damages), and 8 (violation of North Carolina unfair and deceptive trade practices laws). Defendant Booker contends dismissal is proper because: (1) he acted in his capacity as a government official, (2) Plaintiffs have alleged the same claims against Booker and Municipal Defendants and are therefore duplicative, and (3) Plaintiffs fail to sufficiently allege facts indicating Booker acted outside his official capacity with regard to the above-listed counts. Plaintiffs contend Defendant Booker acted outside his official capacity and thus can be liable as an individual for the state law claims.

Suits against government officials that assert the same claims against the government entity which the official serves are duplicative. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004); May v. City of Durham, 525 S.E.2d 223, 229 (N.C. Ct. App. 2000). Redundant claims such as this should be dismissed. Love-Lane, 355 F.3d at 783. Accordingly, all Counts against Defendant Booker in his official capacity as Superintendent of Gaston County Schools will be dismissed.

The Amended Complaint makes no specified allegations against Defendant Booker in his individual capacity. Defendant Booker is named in some allegations, such as those about a meeting between Booker and Plaintiffs to discuss purchasing land to build a new school. (Doc. No. 32, p. 4). These allegations describe activity that can only be plausibly classified as Defendant Booker acting in his official capacity. The purchase and development of land for public schools is a statutory authority of boards of education and local governments. See N.C. Gen. Stat. § 115C-426. Defendant Booker's actions, as described by the Amended Complaint, concern actions that fit this statutory mandate for boards of education and their employees. Plaintiffs have failed to

9

state any claim against Defendant Booker in his individual capacity, and the motion to dismiss will be granted accordingly. The Court's dismissal of these claims against Defendant Booker is without prejudice.

### 2. Counts 7 and 8 as against Defendants Gaston County and GCBOE

Plaintiffs allege they are entitled to punitive damages from Defendants because Defendants acted maliciously and Defendants engaged in unfair and deceptive trade practices affecting commerce. Municipal Defendants contend punitive damages are not appropriate for lack of intentional violations of law and, as official government entities, they cannot be sued for unfair and deceptive trade practices under North Carolina law.

Punitive damages cannot be claimed against a municipality unless expressly authorized by statute. Houpe v. City of Statesville, 497 S.E.2d 82, 93 (N.C. Ct. App. 1998). Similarly, North Carolina's unfair and deceptive trade practices laws, as codified in Chapter 75 of the General Statutes, do not permit actions against the state or against municipalities acting with powers granted by the state. See Rea Constr. Co. v. City of Charlotte, 465 S.E.2d 342, 343 (N.C. Ct. App. 1996). According to Plaintiffs' allegations, Municipal Defendants attempted to purchase land to build a new middle school. (Doc. No. 32). North Carolina law authorizes local boards of education and county governments to purchase and develop land for use as public schools. N.C. Gen. Stat. § 115C-426. Assuming the facts in the Amended Complaint are true, Municipal Defendants acted within their statutory authority. The Amended Complaint offers no specific statutory authorization for punitive damages against a municipality under these facts. Plaintiffs' claims for punitive damages and violations of Chapter 75 of the North Carolina General Statutes are not permitted

against Defendants Gaston County and GCBOE. Counts 7 and 8 as against these Defendants are dismissed without prejudice.

### 3. Governmental Immunity

Whereas Defendants Gaston County and GCBOE are immune from certain claims as a matter of federal antitrust law, it is less clear whether these Defendants enjoy a more general governmental immunity to suit. Municipal corporations are immune to tort claims unless immunity has been expressly waived or a cause of action is provided by statute. See Data General Corp. v. Cty. of Durham, 545 S.E.2d 243, 246 (N.C. Ct. App. 2001); see also Battle Ridge Cos. v. N.C. Dep't of Transp., 587 S.E.2d 426, 427 (N.C. Ct. App. 2003). This immunity only extends to activity which is governmental, rather than proprietary, in nature. Estate of Williams ex rel. Overton v. Pasquotank Cty. Parks & Recreation Dep't, 732 S.E.2d 137, 140–41 (N.C. 2012). A proprietary action "is one that is 'commercial or chiefly for the private advantage of the compact community.'" Id. at 141 (quoting Britt v. City of Wilmington, 73 S.E.2d 289, 293 (N.C. 1952)). While older cases have broadly defined this as any function or service that could have been provided by private entities, see Britt, 73 S.E.2d at 293–94, courts have more recently refined the inquiry to account for the broad range of services provided for privately. See Estate of Williams, 732 S.E.2d at 142–43.

The North Carolina Supreme Court in Estate of Williams noted "[w]hen the legislature has not directly resolved whether a specific activity is governmental or proprietary in nature, other factors are relevant." Id. at 142. If the activity can only be undertaken by a governmental entity, it "is necessarily governmental in nature." Id. For activities that can be performed privately and publicly, the court articulated additional, non-dispositive factors for determining whether action

should be considered governmental, which include: (1) whether the service is traditionally governmental, (2) whether the service is provided for a fee, and (3) whether the fee covers operating costs or generates a profit. Id. at 142-43 (noting the fact-intensive nature of the governmental-proprietary distinction cautions against the exclusive use of these factors); see also Peerless Indem. Ins. Co. v. City of Greensboro, No. 1:13CV1104, 2015 BL 135501, at *3 (M.D.N.C. May 7, 2015) (Memorandum Opinion and Recommendation of United States Magistrate Judge), *adopted*, No. 1:13CV1104, 2015 BL 449903 (M.D.N.C. June 23, 2015), *aff'd*, 628 F. App'x 202 (4th Cir. 2016).

Governmental immunity may be waived by the purchase of liability insurance. N.C. Gen. Stat. § 153A-435 (applying the waiver to counties); N.C. Gen. Stat. § 115C-42 (applying the waiver to local boards of education). These waivers only extend as far as the coverage provided by the insurance policy. N.C. Gen. Stat. § 153A-435(b) ("To the extent of the coverage of insurance . . . governmental immunity may not be a defense to the action. Otherwise, however, the county has all defenses available to private litigants in any action brought pursuant to this section without restriction, limitation, or other effect . . . ."); see also Wright v. Gaston Cty., 698 S.E.2d 83, 87 (N.C. Ct. App. 2010). This limitation on waiver includes exclusionary clauses reserving all rights to assert sovereign immunity. Id. at 89 (admitting that such a limitation was "circular," but still upholding the enforceability of the exclusionary clause).

Defendants Gaston County and GCBOE both assert entitlement to general governmental immunity from all of Plaintiffs' allegations. (Docs. Nos. 40 & 62). Plaintiffs assert both Defendants were engaged in proprietary action and waived their immunity by carrying liability insurance. (Docs. Nos. 41 & 63). Plaintiffs also allege Defendants' conduct was essentially *ultra*

*vires* and not entitled to immunity. (Doc. No. 60, p. 6). Defendants claim their liability insurance contains an exclusionary clause similar to the clause that was held sufficient to sustain a claim of immunity in Wright v. Gaston Cty. (Doc. 38-1, p. 17).

Plaintiffs have sufficiently alleged proprietary actions by these Defendants to survive a claim of immunity at this stage. While the purchase and development of land for educational facilities is a statutory government function of municipal corporations, see N.C. Gen. Stat. § 115C-426, Plaintiffs have alleged dealings out of session and non-educational purposes for at least part of the land to be purchased. (Docs. Nos. 32 & 60). Plaintiffs contend the Municipal Defendants have admitted to not needing the entire parcel of land for school development intend to sell the remainder for profit. (Doc. No. 60). Defendants deny these claims, but these disputes of material fact warrant further discovery and fact-finding before a determination is made as to these Defendants' claims of governmental immunity. Defendants Gaston County and GCBOE will not be dismissed from the case on the basis of general governmental immunity at this time.

## C. Plaintiffs' Other State Law Claims

The Amended Complaint alleges counts under North Carolina state law asserting fraud, breach of the implied covenant of good faith and fair dealing, unjust enrichment, quantum meruit, libel, punitive damages, violation of North Carolina unfair and deceptive trade practices laws, tortious interference with contract, and tortious interference with prospective economic advantage. (Doc. No. 32, pp. 8–16). The Court has given full review to the facts alleged in the Amended Complaint and the applicable law concerning the elements of each of these claims. See N.C. Gen. Stat. § 1D-15 ("Standards for Recovery of Punitive Damages"); N.C. Gen. Stat. § 75-1.1 (unfair and deceptive trade practices); Walker v. Fleetwood Homes of North Carolina, Inc., 653 S.E.2d

393, 399 (N.C. 2007) (unfair and deceptive trade practices); Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1977) (fraud); Spartan Equipment Co. v. Air Placement Equipment Co., 140 S.E.2d 3, 11 (N.C. 1965) (tortious interference with prospective economic advantage); Heron Bay Acquisition, LLC v. United Metal Finishing, Inc., 781 S.E.2d 889, 894 (N.C. Ct. App. 2016) (unfair and deceptive trade practices and breach of the implied covenant of good faith and fair dealing); Boyce & Isley, PLLC v. Cooper, 710 S.E.2d 309, 317 (N.C. Ct. App. 2011) (libel); Primerica Life Ins. Co. v. James Massengill & Sons Const. Co., 712 S.E.2d 670, 676 (N.C. Ct. App. 2011) (unjust enrichment); Harty v. Underhill, 710 S.E.2d 327, 333-34 (N.C. Ct. App. 2011) (tortious interference with contract); Market America, Inc. v. Christman-Orth, 520 S.E.2d 570, 576 (N.C. Ct. App. 1999) (libel); Duffell v. Weeks, 190 S.E.2d 379, 381 (N.C. Ct. App. 1972) (quantum meruit). Except as explained in the discussion of the antitrust claim and immunity defenses above, the Court finds Plaintiffs have plausibly alleged the elements of these remaining state law claims. As regards Counts 1, 2, 4, 5, 6, 7, 8, 9, and 10 as against all Defendants (except the dismissals ordered above), the Motions to Dismiss (Docs. Nos. 39, 48, 51, 57, 61) are denied without prejudice to raise the issue again at summary judgment.

**D. Judgment on the Pleadings**

Defendants Gaston County and Philbeck have moved in the alternative for judgment on the pleadings under Rule 12(c). (Docs. Nos. 39 & 57). For the reasons stated herein, disputes as to material facts exist that preclude granting this alternative relief.

## CONCLUSION

IT IS THEREFORE ORDERED the Motions to Dismiss the Complaint (Docs. Nos. 21, 23, 26, & 30) are DENIED AS MOOT. Defendant Booker's Motion to Dismiss the Amended

Complaint (Doc. No. 45) is GRANTED. The remaining Motions to Dismiss the Amended Complaint (Docs. Nos. 39, 48, 51, 57, & 61) are GRANTED IN PART and DENIED IN PART. Plaintiffs' federal antitrust claim (Count 3), claims against Defendant Booker, and Counts 7 and 8 as against Defendants Gaston County and GCBOE are DISMISSED WITHOUT PREJUDICE.

  IT IS SO ORDERED.

Signed: July 10, 2018

Frank D. Whitney
Chief United States District Judge