UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00427-FDW-DCK

| | |
|---|---|
| MB REALTY GROUP, INC., and MATT BECKHAM, <br><br> Plaintiffs, <br><br> vs. <br><br> THE GASTON COUNTY BOARD OF EDUCATION, GASTON COUNTY, CARSTAPHEN FAMILY FOUNDATION, THE STOWE FOUNDATION, INC., CATHERINE ROBERTS, and TRACY PHILBECK, <br><br> Defendants. | ORDER |

THIS MATTER is before the Court on Parties' Consent Motion to Stay Proceedings (Doc. No. 129). This matter is presently set for trial in May. (Doc. No. 79). Plaintiffs MB Realty Group, Inc. and Matt Beckham ("Plaintiffs") and Defendants Carstarphen Family Foundation and The Stowe Foundation, Inc. (collectively, "Moving Parties") seek to stay the entire case pending Plaintiffs' appeal of this Court's April 10, 2014 Oral Order, which granted qualified immunity to Gaston County and Gaston County Board of Education (collectively, "Government Defendants"). For the reasons stated below, Parties' Motion is DENIED.

The Supreme Court held that the "denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is *its possessor's entitlement* not to have to answer for his conduct in a civil damages actions." Mitchell v. Forsyth, 472 U.S. 511, 525 (1985) (emphasis added); see also Young v. Lynch, 846 F.2d 960, 962 (4th Cir. 1922). Here, neither Gaston County nor the Gaston County Board of Education, the possessors of

1

the entitlement to appeal an interlocutory order denying a claim for immunity, are seeking to appeal this Court's March 10 Oral Order. Thus, the Moving Parties, which does not include the Government Defendants, have failed to show any right to an immediate, interlocutory appeal.

Moreover, the Court finds that a stay is not warranted. A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigations." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In deciding whether to exercise this power, the court "must weigh competing interests and maintain an even balance." Id. at 254-55. Proceeding to trial on the contract claims, even if the immunity issue is on appeal, would not result in nearly identical trials. Moreover, the Court finds that it would best serve judicial economy to proceed with the case for the May 6 trial term.

IT IS THEREFORE ORDERED that Parties' Consent Motion to Stay Proceedings (Doc. No. 129) is DENIED. Parties are to appear for docket call on May 6, 2019.[1]

IT IS SO ORDERED.

Signed: April 25, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] The Court notes that Parties have failed to comply with the Court's pretrial conference deadlines. At the pretrial conference, Parties were ordered to submit jointly-prepared pretrial submissions by April 24, 2019. Parties' failure to comply with this Court's order is contemptable.