UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00427-FDW-DCK

| | |
|---|---|
| MB REALTY GROUP, INC., and MATT BECKHAM, <br><br>  Plaintiffs, <br><br> vs. <br><br> THE GASTON COUNTY BOARD OF EDUCATION, GASTON COUNTY, CARSTAPHEN FAMILY FOUNDATION, THE STOWE FOUNDATION, INC., CATHERINE ROBERTS, and TRACY PHILBECK, <br><br>  Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiffs MB Realty Group, Inc. and Matt Beckham's Motion for Entry of Judgment or, in the alternative, to Certify Order for Interlocutory Appeal and to Stay Proceedings Pending Appeal (Doc. No. 130). For the reasons stated below, Plaintiffs' Motion is DENIED.

**PROCEDURAL BACKGROUND**

The Court held a hearing on April 10, 2019 on Defendants Gaston County Board of Education, Gaston County, Carstarphen Family Foundation, The Stowe Foundation, Inc., Catherine Roberts, and Tracy Philbeck's motions for summary judgment. After reviewing the briefs, record, and hearing arguments from counsel, the Court issued an Oral Order granting summary judgment for Defendants Gaston County Board of Education, Gaston County, Catherine Roberts, and Tracy Philbeck. The case is scheduled to proceed to trial for the May 6 trial term. Plaintiffs and Defendants Carstarphen Family Foundation and The Stowe Foundation filed a

1

Consent Motion to Stay Proceedings (Doc. No. 129), which this Court denied (Doc. No. 134). Plaintiffs now move pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b) for the Court to enter final judgment or, in the alternative, certify its Order for immediate appeal.

**ANALYSIS**

The Fourth Circuit Court of Appeals may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. Smith v. Miro, 23 F. App'x 124. 125 (4th Cir. 2001) (citing 28 U.S.C. §§ 1291, 1292 and Fed. R. Civ. P. 54(b)). Thus, Plaintiff moves the Court to certify the April 10, 2019 Oral Order granting summary judgment immunity to Gaston County and Gaston County Board of Education as an interlocutory order pursuant to § 1292(b) or as final order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

A. Certification under § 1292(b)

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). However, the Fourth Circuit has cautioned that § 1292(b) should be used only "sparingly" and that "its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989); see also City of Charleston v. Hotels.Com, LP, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (clarifying that "certification of an interlocutory appeal should generally be limited to extraordinary cases where significant effort and expense would be spared by appellate review prior to the entry of final judgment"). The movant bears the burden of demonstrating that the extraordinary relief of certification under § 1292(b) is warranted. See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 853 (E.D.N.C. 1995).

Here, Plaintiffs have failed to show that the Court's Order creates a substantial difference of opinion. "An issue presents a substantial ground for a difference of opinion if *courts*, as opposed to parties, disagree on a controlling legal issue." Lynn v. Monarch Recovery Mgmt. Inc., 953 F. Supp. 2d 612, 624 (D. Md. 2013) (emphasis in original). Here, Plaintiffs have offered no argument of substantial difference of opinion. Thus, the Court finds that Plaintiff has failed to show that there is a substantial difference in opinion which would warrant certification of the Court's Order granting Gaston County and the Gaston County Board of Education summary judgment. Furthermore, Plaintiffs have failed to show that an appeal of the Court's Oral Order would materially advance the disposition of this litigation. Rather, Plaintiffs merely argue that without an immediate appeal, Plaintiffs could face the risk of inconsistent verdicts. For these reasons, the Court finds that Plaintiffs have failed to demonstrate that certification of the Court's Oral Order is warranted under 28 U.S.C. § 1292(b).

B. Certification under Fed. R. Civ. P. 54(b)

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b) (emphasis added). Certification of an order under Rule 54(b) requires two steps. First, the court must determine whether the judgment is "final," that is, whether the order constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (citation and internal quotation marks omitted). Second, the court must determine whether there is "no just reason for the delay" in the entry of judgment. See id. The movant bears burden of establishing

that Rule 54(b) certification is warranted. Id. at 1335. However, it is ultimately within the court's discretion "to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citation and internal quotation mark omitted). The court's discretion should be exercised "in the interest of sound judicial administration." Id. (citation omitted). Here, the Court finds that the resolution of the issue that Plaintiffs seek to appeal does not advance the termination of the litigation against those who remain in the action still pending.[1] However, the Court would be constrained to delay the present action while Plaintiffs litigate the immunity issue on appeal. As such, the Court finds that judicial economy would not be served under the circumstances of this case. Thus, in the exercise of its discretion, the Court DENIES Plaintiffs' request for certification pursuant to Rule 54(b).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Entry of Judgment or, in the alternative, to Certify Order for Interlocutory Appeal and to Stay Proceedings Pending Appeal (Doc. No. 130) is DENIED.

IT IS SO ORDERED.

Signed: April 25, 2019

_____
Frank D. Whitney
Chief United States District Judge

---

[1] The only remaining claims in this action are the alternative claims of breach of good faith and fair dealing and *quantum meruit* against Carstarphen Family Foundation and The Stowe Foundation.