UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00427-FDW-DCK

| | |
|---|---|
| MB REALTY GROUP, INC. and MATT BECKHAM, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ORDER ) |
| THE GASTON COUNTY BOARD OF EDUCATION, GASTON COUNTY, CARSTAPHEN FAMILY FOUNDATION, THE STOWE FOUNDATION, INC., CATHERINE ROBERTS, and TRACY PHILBECK, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

THIS MATTER is before the Court on Defendants Carstarphen Family Foundation and the Stowe Foundation, Inc.'s (the "Foundations") Motion for an Award of Attorneys' Fees and Costs. (Doc. No. 147). Plaintiffs have responded. (Doc. No. 149). The Foundations have not replied and the time for filing a reply has expired. This motion is now ripe for review. For the reasons stated below, the Foundations' Motion is DENIED.

I. BACKGROUND

This litigation stems from Plaintiffs' contention that MB Realty Group, Inc. ("MBRG") was "cut . . . out" of a deal wherein Plaintiffs planned to purchase a 78–acre parcel from the Foundations and then subsequently sell the same parcel of land to Defendant Gaston County Board of Education (the "GCBOE"), resulting in an alleged $400,000 profit for Plaintiffs. (Doc. No. 32, pp. 4–8). After Plaintiffs failed to close on the property by the extended closing date of May 16,

1

2017, provided by the Foundations, the GCBOE eventually purchased the parcel directly from the Foundations. Id.

Plaintiffs sued the Foundations for breach of the implied covenant of good faith and fair dealing, unjust enrichment, *quantum meruit*, and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). (Doc. No. 32). The Foundations filed a Motion to Dismiss the Amended Complaint, (Doc. No. 48), which this Court denied, (Doc. No. 77). Following discovery, the Foundations filed a Motion for Summary Judgment. (Doc. No. 99). At the conclusion of oral arguments on April 10, 2019, the Court entered an Oral Order in open court denying the Foundations' motion as to the breach of good faith and fair dealing and unjust enrichment/*quantum meruit* claims, and the Court granted summary judgment as to the punitive damages and UDTPA claims. See Text-Only Minute Entry, Apr. 10, 2019. On May 14, 2019, the Court issued a written order memorializing its Oral Order. (Doc. No. 145).

## II. STANDARD OF REVIEW

The Foundations assert three bases for an award of attorneys' fees. (Doc. No. 148, p. 1).

Section 1D–45 provides that the court "shall award" attorney fees "resulting from the defense against [a] punitive damages claim, against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious." N.C. Gen. Stat. § 1D–45.

> Under N.C. Gen. Stat. § 1D–45, a claim for punitive damages is "frivolous" where its proponent can present no rational argument based upon the evidence or law in support of it. Furthermore, a claim is "malicious" where it is wrongful and done intentionally without just cause or excuse or as a result of ill will.

Philips v. Pitt Cnty. Mem'l. Hosp., Inc., 775 S.E.2d 882, 884 (N.C. Ct. App. 2015) (citations and quotation marks omitted).

When confronted with a motion for attorneys' fees premised upon section 6–21.5, a court "*may* award a reasonable attorney's fee to the prevailing party if the court finds that there was a *complete absence* of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C. Gen. Stat. § 6–21.5 (2017) (emphasis added). The purpose behind section 6–21.5 is to discourage frivolous legal action. McLennan v. Josey, 785 S.E.2d 144, 148 (N.C. Ct. App. 2016). However, because the statute detracts from the common law, it must be strictly construed. Persis Nova Constr. v. Edwards, 671 S.E.2d 23, 30 (N.C. Ct. App. 2009) (citation omitted).

Similarly, North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75–1.1 *et seq.*, permits a court, in its *discretion*, to allow a reasonable attorney's fee when a "party instituting [a § 75–1.1] action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75–16.1(2). In order to prevail on a motion for attorneys' fees under section 75–16.1, the defendant must (1) be the "prevailing party[,]" and (2) prove that the plaintiff "knew, or should have known the [§ 75–1.1] action was frivolous and malicious." Lincoln v. Bueche, 601 S.E.2d 237, 244 (N.C. Ct. App. 2004). Even where the facts of a particular case will support a finding that the requirements of section 75–16.1 have been met and an award of attorney's fees may be warranted, the court retains the discretion to deny the award. Llera v. Sec. Credit Sys., Inc., 93 F.Supp.2d 674, 681 (W.D.N.C. 2000) (citing cases). It is within this framework that the Court will now consider the merits of the Foundations' motion.

### III. ANALYSIS

Here, Plaintiffs' overarching theory was that the Foundations violated the UDTPA and breached the implied covenant of good faith and fair dealing, or unjust enrichment/*quantum meruit* in the alternative, by engaging in what Plaintiffs alleged was a conspiracy to get MBRG and Beckham out of the way so the Foundations could close on a deal with the GCBOE. Plaintiffs

cited to evidence including: (1) language in emails between members of the Foundations, (2) deposition testimony about the importance of the MBRG sale to the GCBOE in order for MBRG to close with the Foundations, and (3) Bill Carstarphen's comments to the Gaston Gazette. See (Doc. No. 149, pp. 3–4). At all times in the instant action, Plaintiffs cited to evidence they believed supported a rational argument for punitive damages. While this Court, at summary judgment, found that Plaintiffs produced sufficient evidence for their contractual claims, not their exemplary damages claim, the Court's finding does not *require* the conclusion that Plaintiffs' punitive damages claim was "frivolous" or "malicious" or that there was a "*complete absence*" of a justiciable issue of either law or fact to warrant an award of attorney's fees.[1] See N.C. Gen. Stat. § 6–21.5 (2015) (The granting or denial of a motion for summary judgment "is not in itself a sufficient reason for the court to award attorney's fees."); Kings Harbor Homeowners Ass'n, Inc. v. Goldman, No. COA17-1301, 2018 WL 4997401, at * 7–8 (N.C. Ct. App. Oct. 16, 2018) (adopting the same rule for a motion for attorney's fees under section 1D–45).

As to the Foundations' request for attorneys' fees under section 75.16.1, the Court has reviewed the entire record, including the evidence cited by Plaintiffs, and finds the Foundations have not met their burden under section 75.16.1. See Lincoln, 601 S.E.2d at 244 (holding that the defendant must prove that the plaintiff knew or should have known the action was "frivolous and malicious"). As mentioned above, throughout the litigation, Plaintiffs presented what they believed were rational arguments based on the evidence in the record. The fact the Foundations emailed Plaintiffs to voice their position that Plaintiffs' evidence did not support a UDTPA claim

---

[1] The Foundations rely, in part, on this Court's citation to persuasive authority in its summary judgment order, see (Doc. No. 145, pp. 6–7), in support of their motion. (Doc. No. 148, p. 8). Although the Court cited these cases in its order, those cases were referenced as persuasive authority because of their discussion of law outside of North Carolina. The Court notes those cases are not binding precedent such that it warrants an award of attorneys' fees to the Foundations.

does not support a finding that Plaintiffs knew or should have known their action was "frivolous" and "malicious." But see Laschkewitch v. Legal & Gen. Am., Inc., No. 5:15–cv–251–D, 2017 WL 4976442, at *2 (E.D.N.C. Nov. 1, 2017) (finding that plaintiff's conduct falls squarely within section 75.16.1(2) because (1) plaintiff knew or should have known that that he could "present no rational argument based upon the evidence or law in support" after losing on nearly identical claims in two previous cases, and (2) plaintiff's claims were wrongful and done intentionally without cause). Moreover, the fact that the Court ultimately concluded that the evidence presented by Plaintiffs failed to rise to the level of substantial or aggravating circumstances attending their breach claim does not necessitate a finding that Plaintiffs knew or should have known that their claim was frivolous and malicious. See Basnight v. Diamond Developers, Inc., 178 F.Supp.2d 589, 593 (M.D.N.C. 2001) ("The conclusion that Plaintiff's claim . . . was legally insufficient, however, does not necessarily mean that it was also frivolous and malicious.").

Thus, in the exercise of this Court's discretion, the Court denies the Foundations' request for attorneys' fees.

IV. CONCLUSION

IT IS THEREFORE ORDERED that the Foundations' Motion for Attorneys' Fees (Doc. No. 147) is DENIED.

IT IS SO ORDERED.

Signed: June 28, 2019

_____
Frank D. Whitney
Chief United States District Judge